# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cr12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARQUICE RIVERS, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on Dwight L. Thomas's Motion for Special Admission to Practice (#6).

Special admission is discretionary. L.Cv.R. 83.1(E)(1). In exercising such discretion, the court first looks to the complexity of the case. While the allegations of the Indictment are straightforward, the charge involves an alleged drug conspiracy, which is typically complex. Thus, the complexity of the case weighs against special admission.

The court has next considered what is at stake in these proceedings. In this case, it appears that defendant faces the possibility of a substantial period of imprisonment. This factor weighs against special admission as what is at stake is substantial.

The court has also considered Mr. Thomas's assertion that he has been previously admitted by this court in two earlier cases. The court has reviewed the dockets in both such cases, United States v. Mashburn, 1:95cr 26 (W.D.N.C.), and United States v. Thomas, 5:95cr13 (W.D.N.C.), and it appears that counsel met all expectations of the court.

While the court has no doubts concerning the professional qualifications of out-of-state counsel, Mr. Thomas states that one of the reasons that Local Counsel should not be required is that defendant cannot afford local counsel. No basis has been established as to why defendant is able to retain experienced out-state-counsel, but is in the same instance unable to afford the more modest fee that local counsel would require. Inasmuch as the court lacks information concerning defendant's financial ability, this factor can be assigned no weight at this time.

Finally, the court has considered that nearly 15 years have passed since Mr. Thomas last appeared in this court. In that time, the landscape in the Western District has changed, including substantial new Local Criminal Rules as well as new judicial officers, two of whom this defendant will be appearing before. While respecting a defendant's right to chose his own counsel, judges of this court have expressed concern with governance of the district Bar and the impact of having attorneys not only familiarity with North Carolina practice, but with the intricate requirements of

the Local Criminal Rules and the expectations of the bench in moving cases forward.

* * *

Having considered such factors, the undersigned does not find this to be a case where special admission is appropriate. At this point in the litigation, the court believes all parties as well as the court will benefit from Mr. Thomas's appearance with the assistance of Local Counsel admitted in this district.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Mr. Thomas's Motion for Special Admission to Practice (#6) is **DENIED** without prejudice as to seeking admission *pro hac vice*.

Signed: February 28, 2010

Dennis L. Howell
United States Magistrate Judge