# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00039-MR
# [CRIMINAL CASE NO. 1:10-cr-00012-MR-2]

| | |
|---|---|
| MARQUICE LUMONT RIVERS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

Petitioner Marquice Lumont Rivers moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing as his sole ground for relief that his trial counsel failed to file a notice of appeal of this Court's judgment, notwithstanding Petitioner's request that he do so. Respondent filed a Response to the motion to vacate on June 3, 2013, conceding that this Court should grant Petitioner's motion to vacate and enter an amended judgment permitting Petition to file a timely notice of appeal. [Doc. 3].

## I. BACKGROUND

On February 4, 2010, Petitioner was indicted by the Grand Jury for the Western District of North Carolina for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Crim. Case No. 1:10cr00012-MR-2, Doc. 1]. On February 9, 2011, Petitioner pled guilty to the conspiracy charge pursuant to a written plea agreement. [Id., Doc. 29: Plea Agreement]. On February 16, 2012, this Court conducted Petitioner's sentencing hearing, during which Petitioner was sentenced to 262 months' imprisonment. [Id., Doc. 39: Judgment]. This Court entered Judgment on March 2, 2012, and Petitioner did not appeal. On February 11, 2013, Petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf, despite Petitioner's request for counsel to do so.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

In his sole claim in his Section 2255 petition, Petitioner alleges that on February 17, 2012, he wrote a letter telling counsel to appeal, but that counsel failed to do so. Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is per se ineffective assistance of counsel. Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact. See Poindexter, 492 F.3d at 273. If, after conducting the evidentiary hearing, the Court determines that the petitioner

did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied.  See id.

In its Response to Petitioner's motion to vacate, the Government asserts that even if it were to file a response supported by an affidavit in which Petitioner's former attorney denies that Petitioner requested that counsel file an appeal, at a minimum a factual dispute would still exist over whether Petitioner requested his counsel to file a direct appeal.  Respondent contends, therefore, that the appropriate remedy is for the Court to vacate the original judgment and enter a new judgment from which an appeal may be taken.

The Court agrees with Respondent that the Court's resources would best be served by granting the motion to vacate to the extent that Petitioner brings a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed him to do so.  The Court will, therefore, vacate the original judgment and enter a new judgment from which an appeal may be taken.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals.  Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North

Carolina within fourteen (14) calendar days after the date the Amended Judgment of conviction is filed or within fourteen (14) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A).

**IV. CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate. The Court will enter an Amended Judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals. This Order granting Petitioner's motion to vacate shall be without prejudice to Petitioner filing a second motion to vacate after he appeals his conviction.

**IT IS, THEREFORE, ORDERED** that the motion to vacate [Doc. 1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall prepare an Amended Judgment consistent with this Order.

**IT IS SO ORDERED.**

Signed: September 7, 2013

Martin Reidinger
United States District Judge